[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 28, 2002 the parties in this case were fully heard on child support issues which have been pending for more than one year. The court must calculate the proper child support retroactive to January 1, 2001, and determine the amount of arrearage, if any. The court must also determine the responsibility of the parties for medical insurance for the minor child.
The procedural history of the case is complex. The parties, who were never married, have a child, Brianna K. Camera, born May 3, 1995. The defendant mother commenced a paternity action in the Family Support Division of the Judicial District of Tolland. On March 12, 1996 the parties entered an agreement in which the plaintiff father acknowledged paternity and agreed to pay child support. Further, the parties agreed to joint custody of the child and to an access schedule. In July of 2000 the plaintiff father brought this action to establish a new access schedule and to restrain the defendant mother from moving to Florida with the minor child. On August 16, 2000 the parties entered a written agreement to transfer the Tolland Magistrate case to the Hartford Judicial District to be consolidated with this action. That agreement was approved by the court on the same day. The parties anticipated that the defendant mother would move to Florida with the minor child, and they established a detailed access schedule for the plaintiff father. Section 4 of this written agreement provides:
"The Plaintiff shall pay the Defendant weekly support for the minor child in the amount of $260.00, which sum is in accordance with the Child Support Guidelines assuming a gross annual income of $130,000 for the Plaintiff and $25,000 for the Defendant (without prejudice), as well as deviation criteria for additional costs and expenses detailed below. The CT Page 4188 Plaintiff shall additionally pay the sum of $145.00 per week for his one half share of the child's private school tuition and after care at the Community School of Naples for as long as she is enrolled full time at said school.
It is anticipated that the parties' respective financial circumstances may change within the next six months and therefore, the instant orders are without prejudice to either party and shall be reviewed during the first week of January 2001 unless the parties mutually agree to the contrary in writing to refrain from doing so. If the Defendant is unable to attend court in early January 2001, then the orders shall be retroactive to the date of the callback/review date automatically."
The defendant mother did move to Florida. The matter was not heard in January of 2001. Thereafter, the defendant mother claimed that the plaintiff was in arrears in his child support payments and sought help in Florida through Support Enforcement. This led to a hearing in the Magistrate Court in Hartford on July 12, 2001. The Magistrate (Alvord, J.) issued orders following the hearing. On August 24, 2001 the parties stipulated as follows:
"1. Child Support/Finances
(a) The plaintiff shall pay the defendant weekly support for the minor child in the amount of $170.00, which sum is in accordance with the Child Support Guidelines assuming a gross annual income of $80,000 for the plaintiff and $30,000 for the defendant (without prejudice). The parties shall divide reasonable work related daycare and unreimbursed medical expenses 53% allocable to the father and 47% allocable to the mother. The plaintiff shall no longer be obligated to pay any portion of the private school tuition for the minor child. Neither party shall be obligated to pay any additional monies for the benefit of the minor child in connection with extracurricular activities.
(b) The orders of the Magistrate court (Alvord, J.) relating to a finding of an arrearage due and owing to the defendant, as well as the weekly payment order of $455 per week shall be vacated. The parties shall address the issue of recalculation of support from January 1, 2001, arrearages due and other financial issues related to the August 16, 2000 orders at a future hearing the date of which shall be determined by the court or agreement of the parties but in event no later than December 20, 2001.
(c) Except as otherwise modified herein, the orders of August 16, 2000, shall remain in full force and effect." CT Page 4189
The hearing to be held no later than December 20, 2001 was not held until March 28, 2002 at which time the plaintiff was represented by counsel. The defendant represented herself. The court has considered the evidence presented at the hearing and makes the following findings of fact:
1. The plaintiff father is the owner and operator of a marketing consultation business known as Marketing Resource Consultants. He began this business prior to January 1, 2001 after being terminated from his previous employment at Madison Square Garden where he had earned approximately $130,000 per year.
2. In August of 2001 the plaintiff estimated that he was making $80,000 per year. He now estimates that he is earning approximately $45,000 per year. However, the court finds that he has the capacity to be earning $80,000 per year ($1,538 per week) and has had this capacity since January 1, 2001.
3. The defendant mother is a real estate agent who has earned at the rate of approximately $30,000 per year ($577 per week). She is presently receiving workers compensation but expects to be released to return to work in a few days. The court finds that she had the capacity to earn $30,000 per year since January 1, 2001.
4. Both parties are providing medical insurance for the benefit of the minor child. The insurance provided by the plaintiff father does not pay for routine medical and dental appointments in Florida. The defendant mother pays $46 per week for coverage which does pay for routine medical and dental appointments. Under the terms of the original agreement, the plaintiff father was to continue providing the same insurance or its equivalent. His present insurance is not equivalent to his insurance at Madison Square Garden. Therefore, the plaintiff has been in breach of the original agreement. As a remedy, the plaintiff will be obligated to pay $46 per week for medical coverage for the minor child, retroactive to January 1, 2001.
5. Child support must be calculated in accordance with the Child Support and Arrearage Guidelines. The calculations should be based upon gross weekly wages of $1,538 for the plaintiff father and $577 for the defendant mother. This results in weekly child support in the amount of $170 per week plus $46 per week for medical insurance.
6. The plaintiff father is obligated for 64 weeks of support from January 1, 2001 through March 28, 2002 (64 x $216 = $13,824).
7. The plaintiff has paid the sum of $10,880 plus a $300 federal income CT Page 4190 tax offset for a total of $11,180.
8. The plaintiff claims to have made an additional $3,000 payment which the plaintiff claims was not child support but payment for a computer. The Magistrate made a finding on this issue but that finding was vacated by virtue of the August 24, 2001 stipulation of the parties. There was no evidence offered on this issue at the hearing. Therefore, the court gives the plaintiff no credit for this payment against his child support obligation.
9. The plaintiff has a child support arrearage of $2,644 ($13,820 less $11,180).
The court issues the following orders:
1. The defendant mother is ordered to continue providing medical and dental insurance for the minor child. The plaintiff father is ordered to pay the defendant mother the sum of $46 per week as additional support to compensate her for the health insurance. The court anticipates that the cost of health insurance will fluctuate. The plaintiff's obligation will be automatically adjusted upon documentation to the plaintiff that the premium for the minor child has changed. The plaintiff father shall also pay as additional support 53% of all unreimbursed medical, dental and optical expenses. This percentage shall be calculated only after the defendant has expended $100 per year of unreimbursed medical; dental and optical expenses.
2. The plaintiff father is ordered to pay child support in the amount of $170 per week plus an additional $25 per week toward an arrearage of $2,644.
John W, Pickard, J.